```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION
```

MUHIBA SIJAMHODZIC,

    Plaintiff,

v.                              Case No. 3:02-cv-895-J-32HTS

MAYO CLINIC JACKSONVILLE,

    Defendant.

### **O R D E R**

This cause is before the Court on Defendant's Motion to Strike (Doc. #63; Motion). The Motion is opposed. Plaintiff's Response to Defendant's Motion to Strike (Doc. #64; Response).

In granting the Unopposed Motion for Leave to Amend Complaint (Doc. #56), the Court noted summary judgment had been granted "as to some of the claims presented in the Amended Complaint." Order (Doc. #57) (citing Order (Doc. #49; Summary Judgment Order)). Now, Defendant "moves to strike portions of Plaintiff's amended complaint that relate to facts and claims previously denied at summary judgment." Motion at 1.

Rule 12(f), Federal Rules of Civil Procedure, establishes the Court may strike "from any pleading any insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter." However, "'[a] motion to strike is a drastic remedy[,]' which is disfavored by the courts[.]" *Thompson v. Kindred Nursing Ctrs. E., LLC,* 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) and *Poston v. Am. President Lines Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978)). "A 'court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003) (quoting *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995)); *see also Cherry v. Crow*, 845 F. Supp. 1520, 1524-25 (M.D. Fla. 1994).

Defendant asks the Court to strike "the full text of paragraphs 9-11 and portions of paragraphs 7, 8, 13, 14, 15, 17 and 18[.]" Motion at 1. These parts of the Amended Complaint (Doc. #58), it argues, "relate solely to claims previously dismissed[.]" *Id.* at 6. The question, then, is whether the identified matter bears any "possible relationship to the controversy[.]" *Nankivil*, 216 F.R.D. at 691.

Plaintiff's original complaint contained two counts. *See* Complaint (Doc. #1) at 5, 6. Each count "allege[d] three separate

claims against Mayo Clinic: (1) hostile work environment based on national origin and religion; (2) discrimination with regard to [Plaintiff's] transfer, denial of overtime, pay, promotion denials, and denial of vacation time; and (3) retaliation." Summary Judgment Order at 11.  In the Summary Judgment Order, the Court eliminated Ms. Sijamhodzic's claims as to hostile work environment, *see id.* at 16, failure to promote, *see id.* at 19-20, denial of overtime, *see id.* at 21, discriminatory pay, *see id.*, denial of vacation time, *see id.* at 22, and retaliation.  *See id.* at 23-24. Therefore, only the claim as to discriminatory transfer was left intact.  *See id.* at 18; *see also* Motion at 1 n.1.  However, the Amended Complaint retains the full text of the original counts and adds a claim for ongoing retaliatory conduct.  *See id.* at 6-11.

An examination of the paragraphs and phrases sought to be stricken indicates that, while certain allegations may relate most directly to dismissed claims whereas others no longer remain as ultimate issues, they are not so irrelevant as to bear no possible relation to the presently viable claims.  In the Court's view, the potential for confusion possibly represents the greatest danger posed by the continued presence of allegations relating to dismissed claims.  Nevertheless, Defendant does not argue this ground for striking the material, and its motion reveals it has not been confused by the passages it desires stricken.  Indeed, had

Plaintiff not sought to amend her complaint to add Count III, the original pleading would have remained as filed.  Just as striking portions of the complaint subsequent to the Summary Judgment Order is considered unnecessary in that context, it is not required here. The parties, along with the Court, recognize that Plaintiff leaving Counts I and II unmodified in no way resurrects claims against which summary judgment has been granted.  In denying the Motion, of course, the Court does not reach questions of the admissibility at trial of any particular evidence.

In view of the foregoing, the Motion (Doc. #63) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of April, 2005.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record
　　and *pro se* parties, if any

-4-